Roberto Anguizola (IL Bar No. 6270874)
Frances Kern (MN Bar No. 395233)
Rebecca Plett (VA Bar No. 90988)
James Evans (VA Bar No. 83866)
Federal Trade Commission
600 Pennsylvania Ave., NW, Mailstop CC-5201
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2391 / fkern@ftc.gov
(202) 326-3664 / rplett@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> v. <br><br> **Intuit Inc.**, <br><br> Defendant. | No. 5:22-cv-1973 <br><br> **Administrative Motion for Leave to Exceed the Applicable Page Limitation on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction** |

Plaintiff, the Federal Trade Commission, respectfully requests leave to exceed the applicable page limitation on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO"), filed contemporaneously herewith. In support of this Administrative Motion, the FTC states the following:

1. Local Rule 7-2(b) limits motions to twenty-five pages.

2. In Plaintiff's Motion for TRO, the FTC seeks Court intervention to immediately halt Defendant Intuit Inc.'s deceptive advertising of TurboTax, a commonly-used online tax preparation service that enables users to prepare and file their income tax returns. For reasons explained in the Motion for TRO, Intuit's advertising violates the FTC Act and should be put on hold to avoid victimizing consumers during the end of tax filing season and during the pendency of an administrative trial on the merits before the Federal Trade Commission.

3. The Motion for TRO explains:
   a) The background of Intuit's "freemium" version of TurboTax;
   b) How Intuit's advertisements misrepresent that consumers can file their taxes for free using TurboTax;
   c) How TurboTax's home page contributes to the net impression of Intuit's "free" advertising campaign;
   d) How TurboTax's "Products and Pricing" screen and "Hard Stops" contribute to the monetization of Intuit's "free" advertising;
   e) How Intuit's deception harms consumers and competition;
   f) Why the FTC is likely succeed on the merits;
   g) Why the equities favor entry of a TRO and preliminary injunction; and
   h) The insufficiency of any purported discontinuance of Intuit's acts and practices.

4. The necessary detail of this discussion cannot be effectively conveyed within the page limit set by Local Rule 7-2(b). Additionally, the discussion is necessarily supported by images presented in the body of the Motion for TRO to aid the Court's understanding of Intuit's advertisements and website, which are at the core of the FTC's arguments. Finally, the discussion is necessarily supported by substantial footnotes citing evidence filed with the Motion for TRO, which was derived from the FTC's thorough investigation of Intuit's deceptive acts and practices.

5. In order to provide the facts and argument, supported by images and citations, necessary for full consideration of the FTC's Motion for TRO, the FTC respectfully requests that the Court allow its Motion for TRO to encompass up to thirty pages, an extension from the limit in Local Rule 7-2(b) of only five additional pages.

| | |
|---|---|
| 1 | Accordingly, the FTC respectfully requests that the Court allow its Motion for TRO to |
| 2 | encompass up to thirty pages. |

Dated: March 28, 2022

Respectfully submitted,

/s/ James Evans

**Roberto Anguizola**, IL Bar No. 6270874
**Frances Kern**, MN Bar No. 395233
**Rebecca Plett**, VA Bar No. 90988
**James Evans**, VA Bar No. 83866
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-5201
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2391 / fkern@ftc.gov
(202) 326-3664 / rplett@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

**Attorneys for Plaintiff**
**Federal Trade Commission**