SONAL N. MEHTA (SBN 222086)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
  Sonal.Mehta@wilmerhale.com

DAVID GRINGER (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8864
  David.Gringer@wilmerhale.com

SETH P. WAXMAN (*pro hac vice* forthcoming)
HOWARD M. SHAPIRO (*pro hac vice* forthcoming)
JONATHAN PAIKIN (*pro hac vice* forthcoming)
WILMER CULTER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
  Seth.Waxman@wilmerhale.com
  Howard.Shapiro@wilmerhale.com
  Jonathan.Paikin@wilmerhale.com

*Attorneys for Defendant*
INTUIT INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br> v.<br><br>INTUIT INC.,<br><br>    Defendant. | Case No. 5:22-cv-01973<br><br>**DEFENDANT INTUIT INC.'S NOTICE OF INTENT TO OPPOSE PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Defendant Intuit Inc. files this Notice of Intent to Oppose Plaintiffs' Emergency Motion for Temporary Restraining Order And Preliminary Injunction ("TRO Motion") to apprise the Court of its intent to file a formal opposition to the TRO Motion as soon as reasonably possible.  Intuit did not receive notice of the TRO Motion until approximately 4:30 p.m. PT on March 28, 2022.  Intuit did not receive the unredacted version of the complaint and TRO Motion, along with its supporting papers, until nearly 10 p.m. PT on March 28, 2022.  Intuit is working expeditiously to oppose the TRO Motion and will be prepared to file a formal opposition with supporting evidence by Monday, April 4, 2022, one week from when the TRO Motion was filed, or on another day next week that the Court may order.

The FTC will not be prejudiced if Intuit has a few additional days to respond to the voluminous motion and supporting materials filed by the FTC, all of which belie the claims of "emergency," because the FTC itself delayed filing the TRO Motion.  The FTC waited until shortly before Tax Day to seek a TRO, despite knowing of the conduct it now challenges for "years."  Indeed, any shortness of time for this Court to act before Tax Day is entirely of the FTC's own making.  The complaint itself states that the allegedly deceptive practices have been widely known since at least 2016.  *E.g.*, Compl ¶ 28.  Moreover, the FTC began investigating Intuit's allegedly deceptive conduct almost three years ago.  And throughout its investigation, the FTC has repeatedly waited for periods longer than or approaching one month to take any action.  For example, after Intuit provided its last response to the FTC's Civil Investigative Demand and submitted its final white paper submission in November and December 2020, respectively, the FTC waited six months to send a draft complaint and proposed order, which it did on June 29, 2021, missing an entire tax season in the process.  The FTC then waited another nine months after providing Intuit with a draft complaint to actually file a complaint.  Even when just considering this year, Intuit had been running the advertisements at issue since January.  The FTC seeks to weaponize its delay in filing suit and its belated assertion that it now needs immediate relief by April 18, 2022, to obtain relief without affording Intuit an adequate opportunity to respond, notwithstanding the fact that it gave itself sufficient time to draft a brief and compile hundreds of

supporting exhibits. The FTC should not be allowed to use its own delay in seeking relief as a basis for preventing Intuit from responding fully to its allegations and arguments.

Moreover, the need for immediate relief is belied by the fact that Intuit has already acted to voluntarily remove the advertisements that the FTC alleges were deceptive—which the FTC knew before filing the complaint and TRO request. To be clear, Intuit does not believe that any of its advertisements were deceptive, as it will explain if afforded the opportunity. Nonetheless, after meeting with FTC Chair Lina Khan and in the spirit of cooperation, Intuit informed the FTC on March 24, 2022, that it would voluntarily "pull down the 'free, free, free' TV ads for the remainder of the tax season" in response to concerns that those advertisements were deceptive. Ex. A at 1. And just yesterday, March 28, Intuit confirmed that it had removed the advertisements at issue. Specifically, Intuit detailed that "95% of the free, free, free ad[vertisements] previously scheduled to run ha[d] already been removed" from television broadcasts and online, and that "the balance [of advertisements will] be off the air by Friday." Ex. B at 2.[1] Intuit reminded the FTC that it had "made the decision to remove the ad[vertisements] on the evening of March 24 and immediately communicated … that decision" to its advertising agencies. *Id.* Intuit further explained that there was nothing else within its power that it could do to have the remaining 5% of advertisements removed any sooner. *Id.* Thus, as the FTC's motion itself recognizes, Intuit told the FTC that the relief it is seeking on an emergency basis had already been provided. Mot. 30. There is no reason to hastily enter a TRO without providing Intuit a meaningful opportunity to brief the issues when the TRO could not provide any relief beyond the actions Intuit has already taken.

Finally, the TRO Motion raises complex legal and factual issues and important public interest and policy implications, including the availability of free tax filing services in the weeks leading up the April 18, 2022 tax-filing deadline. Indeed, the FTC felt it necessary to file a TRO Motion with hundreds of exhibits spanning thousands of pages. The motion's accurate resolution demands careful consideration of Intuit's marketing practices and the careful application of

---

[1] Intuit has redacted settlement discussions in Exhibit B that are not relevant to this motion. But Intuit can provide the unredacted exhibit available at the Court's request.

deceptive practices caselaw.  These factual and legal issues cannot and should not be presented and resolved without adequate input from Intuit.  Intuit respectfully submits that it should be given a reasonable opportunity to submit—and importantly that the Court will benefit from—briefing on these complex issues and supporting evidence.

In view of the above, Intuit respectfully requests that this Court set Monday, April 4, 2020—or another date next week that the Court may deem appropriate-as the deadline for Intuit to file its opposition.

Dated:  March 29, 2022                                   Respectfully submitted,

By: */s/ Sonal N. Mehta*
Sonal N. Mehta (SBN: 222086)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
Sonal.Mehta@wilmerhale.com

Seth P. Waxman (*pro hac vice* forthcoming)
Howard M. Shapiro (*pro hac vice* forthcoming)
Jonathan Paikin (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
Seth.Waxman@wilmerhale.com
Howard.Shapiro@wilmerhale.com
Jonathan.Paikin@wilmerhale.com

David Gringer (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
250 Greenwich St.
 New York, NY 10007
Telephone:  (212) 230-8864
 David.Gringer@wilmerhale.com

*Attorneys for Defendant Intuit Inc.*

4