**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> v. <br><br> **Intuit Inc.**, <br><br> Defendant. | No.  5:22-cv-01973-EJD <br><br> **[Proposed] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Plaintiff the Federal Trade Commission ("Commission" or "FTC") has filed its Complaint for a Temporary Restraining Order and Preliminary Injunctive Relief Pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) ("Complaint") (Dkt. No. 1), and has moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order ("TRO") and a preliminary injunction against Defendant Intuit Inc. ("Defendant") (Dkt. No. 6).

**FINDINGS OF FACT**

The Court, having considered the Complaint, the Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

A. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

1    B.    In numerous instances, Defendant has advertised, marketed, distributed, and sold TurboTax, software that enables users to prepare and file their income tax returns online, as "free," when, in fact, TurboTax is not free for most people. TurboTax is only free for a minority of users that meet certain terms, conditions, and obligations. Defendant fails to disclose, or inadequately discloses, these terms, conditions, and obligations in its advertising. Most consumers do not qualify to use TurboTax for free and only learn the truth after investing significant time and effort preparing their tax returns using the product, and after disclosing substantial amounts of sensitive personal and financial information. At that point, these users must either pay Defendant to upgrade to a paid version of TurboTax or waste the time and effort they already invested in the TurboTax product by searching for and using a different method to prepare and file their tax returns.

C.    There is good cause to believe that Defendant has engaged in and is likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

D.    Therefore, Plaintiff is likely to prevail on the merits of this action. As demonstrated by the advertisements themselves, documents created and communications made by Defendant's employees, information provided by Defendant's employees during investigational hearings, consumer declarations, consumer complaints, and other documentation filed by Plaintiff, Plaintiff has established a likelihood of success in showing that Defendant has misrepresented that consumers can prepare and file their taxes for free using TurboTax online tax preparation software.

E.    There is good cause to believe that immediate and irreparable harm will result from Defendant's ongoing violations of the FTC Act unless Defendant is restrained and enjoined by order of this Court.

F.    Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order is in the public interest.

G.    This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

1        H.      No security is required of any agency of the United States for issuance of a

2 temporary restraining order.  Fed. R. Civ. P. 65(c).

3 <center>**DEFINITIONS**</center>

4      For the purpose of this Order, the following definitions shall apply:

5        A.      "**Defendant**" means Intuit Inc. and each of its subsidiaries, affiliates, successors,

6 and assigns.

7        B.      "**Clearly and conspicuously**" means that a required disclosure is difficult to miss

8 (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the

9 following ways:

10             1. In any communication that is solely visual or solely audible, the disclosure

11                 must be made through the same means through which the communication

12                 is presented.  In any communication made through both visual and audible

13                 means, such as a television advertisement, the disclosure must be

14                 presented simultaneously in both the visual and audible portions of the

15                 communication even if the representation requiring the disclosure is made

16                 in only one means.

17             2. A visual disclosure, by its size, contrast, location, the length of time it

18                 appears, and other characteristics, must stand out from any accompanying

19                 text or other visual elements so that it is easily noticed, read, and

20                 understood.

21             3. An audible disclosure, including by telephone or streaming video, must be

22                 delivered in a volume, speed, and cadence sufficient for ordinary

23                 consumers to easily hear and understand it.

24             4. In any communication using an interactive electronic medium, such as the

25                 Internet or software, the disclosure must be unavoidable.

26             5. On a product label, the disclosure must be presented on the principal

27                 display panel.

28             6. The disclosure must use diction and syntax understandable to ordinary

        consumers and must appear in each language in which the representation that requires the disclosure appears.

    7. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

    8. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

    9. When the representation or sales practice targets a specific audience, such as older adults, "ordinary consumers" includes reasonable members of that group.

    C.    **"Free"** means that the consumer pays nothing for a good or service.

## ORDER

**I.    Prohibitions Concerning "Free" Offers**

**It is therefore ordered** that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from representing that a good or service is "Free" unless:

    A.    Defendant offers the good or service for free to all consumers; or

    B.    All the terms, conditions and obligations upon which receipt and retention of the "Free" good or service are contingent are set forth Clearly and Conspicuously at the outset of the offer so as to leave no reasonable probability that the terms of the offer might be misunderstood.

**II.    Prohibited Misrepresentations**

**It is further ordered** that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or

services, are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

    A. The cost of any of Defendant's goods or services, including any TurboTax product; and

    B. Any other fact material to consumers concerning any good or service, such as: the total costs; any refund policy; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

**III.   Order to Show Cause Regarding Preliminary Injunction**

**It is further ordered** that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall appear before this Court on the _____ day of _____, 2022, at _____, in Courtroom _____ at the **Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113**, for a hearing on Plaintiff's motion for preliminary injunction and to show cause, if there is any, why this Court should not enter a preliminary injunction during the pendency of the administrative proceeding the Commission initiated against Defendant, enjoining the violations of the law alleged in the Complaint and imposing such additional relief as may be appropriate.

**IV.   Briefs and Affidavits Concerning Preliminary Injunction**

**It is further ordered** that:

    A.    Plaintiff must serve this temporary restraining order and all supporting pleadings and papers upon Defendant on or before April ___, 2022.

    B.    Defendant shall file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda on or before _____, 2022. Plaintiff may file any reply, responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendant on or before _____, 2022.

    C.    An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendant demonstrates that it has, and intends to introduce, evidence that raises a genuine and material factual issue. The question of whether this Court should enter a

preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court. Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least three (3) days prior to the order to show cause hearing.

Provided, however, that service shall be performed by personal or overnight delivery, or email, and Documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. (Pacific Daylight Time) on the appropriate dates provided in this Section.

**V.  Duration of the Order**

**It is further ordered** that this Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

**VI.  Retention of Jurisdiction**

**It is further ordered** that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this _____ day of _____, 2022, at _____.m.

_____

UNITED STATES DISTRICT JUDGE