# EXHIBIT 1

Sonal N. Mehta (SBN 222086)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 658-6100
sonal.mehta@wilmerhale.com

Seth P. Waxman (*pro hac vice forthcoming*)
Howard M. Shapiro (*pro hac vice forthcoming*)
Jonathan E. Paikin (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
seth.waxman@wilmerhale.com
howard.shapiro@wilmerhale.com
jonathan.paikin@wilmerhale.com

David Z. Gringer (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8864
david.gringer@wilmerhale.com

*Attorneys for Defendant Intuit Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE INTUIT FREE FILE LITIGATION | Case No. 3:19-cv-02546-CRB<br><br>**DEFENDANT INTUIT INC.'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

The Administrative Motion (Dkt. 216) filed by the FTC fails to establish that the FTC's newly filed public-enforcement action, *Federal Trade Commission v. Intuit Inc.*, No. 5:22-cv-01973 (N.D. Cal.), should be related to the closed private purported class actions previously consolidated before this Court under the caption *In re Intuit Free File Litigation*, No. 3:19-cv-02546. To start, there is no risk of duplication of labor or conflicting results with *In re Intuit Free File* justifying relation. *In re Intuit Free File* was dismissed with prejudice and then closed before Intuit even answered the complaint, and the procedural issues that this Court did address—a motion to compel arbitration and a motion for preliminary approval of a class settlement—are irrelevant to the FTC's case. Moreover, *FTC v. Intuit* involves different conduct, different legal issues, and different parties than *In re Intuit Free File*, which challenged only Intuit's marketing practices related to the IRS Free File Program. Accordingly, although the Court initially entered an order granting the Administrative Motion, after receiving permission from the Court, Intuit respectfully submits this opposition within the four-day time period permitted by Civil Local Rule 7-11(b). The Administrative Motion should be denied.

Pursuant to this district's Assignment Plan, N.D. Cal. Gen. Order 44 (Jan. 1, 2018), *FTC v. Intuit* was assigned to Judge Davila, who has entered a briefing schedule and hearing date on the FTC's motion seeking a temporary restraining order. *See* FTC Dkt. 27. Intuit's opposition is due on Monday, and it has already invested substantial time and effort in preparing its submission pursuant to Judge Davila's schedule.

## ARGUMENT

"Under Civil Local Rule 3-12, an action is related to another" only when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *McGee v. Ross Stores, Inc.*, 2007 WL 2900507, at *1 (N.D. Cal. Oct. 1, 2007). The party seeking relation bears the burden of proving that both criteria are satisfied. *ESS Tech., Inc. v. PC-Tel, Inc.*, 2001 WL 1891713, at *3 (N.D. Cal. Nov. 28, 2001). Here, the Administrative Motion fails to make either showing. The Administrative Motion also fails to comply with Civil Local Rule 7-11(a), which requires that it "be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation

could not be obtained." *See also* N.D. Cal. Civ. R. 3-12(b) (providing that case-relation motions must "comply[] with Civil L.R. 7-11"). Plaintiff failed to seek a stipulation and did not submit a proposed order. For that reason as well, the Administrative Motion should be denied.

## I. NEITHER BURDENSOME DUPLICATION NOR CONFLICTING RESULTS ARE POSSIBLE

The Administrative Motion primarily fails because the FTC cannot demonstrate a risk of "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges," N.D. Cal. Civ. R. 3-12(a).

To start, there is *zero* risk of "conflicting results." Potential future conflicts are impossible because the *In re Intuit Free File* plaintiffs have now dismissed their claims with prejudice and the case is closed. That fact, in and of itself, counsels strongly against relation. *See Carlyle Fortran Tr. v. NVIDIA Corp.*, 2008 WL 4717467 (N.D. Cal., Oct. 24, 2008) (denying relation because, in significant part, "the allegedly related cases" were either "inactive or on[] appeal"). It is similarly impossible for *FTC v. Intuit* to conflict with any previous result from *In re Intuit Free File* because the only substantive motions decided in the latter case were a motion to compel arbitration (Dkt. 141) and a motion for preliminary approval of a proposed class settlement (Dkt. 214), neither of which could possibly recur in *FTC v. Intuit*. The arbitrability of the FTC's claim will not be an issue, as there is no underlying arbitration agreement. Relatedly, any settlement between the parties in *FTC v. Intuit* would not be subject to approval under Federal Rule of Civil Procedure 23(e) because the FTC is proceeding in its own capacity, not on behalf of a class under Rule 23.

Moreover, any "duplication of labor or expense" is highly unlikely here because the *In re Intuit Free File* motions did not implicate any underlying issues—legal or factual—that could plausibly arise in *FTC v. Intuit*. Indeed, the merits of any allegations against Intuit *could not* have featured in the motion to compel arbitration. *See, e.g.*, *AT&T Techs., Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986) ("[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims."). Rather, the only issue the Court decided was whether the private plaintiffs had "receive[d] adequate notice of Intuit's Terms" and therefore could "be bound by the arbitration provision contained therein."

Dkt. 141 at 9. The FTC, again, did not execute an arbitration agreement with Intuit, so the enforceability of such an agreement will not be an issue in its case.

The Court's preliminary approval decision similarly has little relevance for *FTC v. Intuit*. The Court's denial of that motion rested largely on concerns about the proposed opt-out process for absent class members; the proposed settlement's identical treatment of class members in varying circumstances; and the value of the settlement in comparison to Intuit's total *potential* alleged exposure (assuming, without deciding, that the allegations had merit). Dkt. 214 at 13-20. None of those concerns will be an issue in *FTC v. Intuit*, which even if ultimately settled will not involve an opt-out process, will not be subject to district court approval, and thus will not require findings that "the relief provided … is adequate" or that "the proposal treats class members equitably relative to each other," Fed. R. Civ. P. 23(e). The FTC, moreover, does not even seek monetary relief, so Intuit's potential exposure is not at issue.

Like the motion to compel arbitration, the preliminary approval motion also did not require the Court to meaningfully assess the factual or legal merits of the plaintiffs' allegations against Intuit. Accordingly, the merits did not significantly feature in the parties' briefing, and no factual record as to the merits was compiled. That this Court did not consider the merits in either of the *In re Intuit Free File* motions and is not positioned to do so in the future weighs heavily against relation. *See Toth v. Envivo, Inc.*, 2013 WL 5596965, at *2 (N.D. Cal. Oct. 11, 2013) ("Because . . . this Court has not considered the merits of the underlying dispute, relating these cases will not avoid any 'duplication of labor and expense or conflicting results.'").

Finally, *FTC v. Intuit* implicates threshold legal questions that were entirely irrelevant in *In re Intuit Free File*, further confirming that there will be no "duplication of labor" if the cases are assigned to different judges. For one thing, as its sole basis for relief, the FTC invokes a federal statute (the FTC Act) that was entirely absent from the now-closed private actions. As a result, Intuit's defenses are likely to vary considerably between the two actions. Intuit may, for example, move to dismiss the FTC's claim on the basis that the FTC's claim impermissibly invokes Section 13(b) of the FTC Act because Intuit is not alleged to be violating or about to violate the law. *See, e.g., FTC v. Evans Prod. Co.*, 775 F.2d 1084, 1089 (9th Cir. 1985) ("[Section] 13(b) may not be used to remedy a past violation

1   that is not likely to recur."); *accord FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 161 (3d Cir. 2019)
2   ("The FTC … fails to state a [Section 13(b)] claim" when the defendant "is not currently violating the
3   law, nor … alleged to be poised to do so anytime in the foreseeable future.").  That question did not
4   arise in *In re Intuit Free File*, so this Court will be not be uniquely positioned to adjudicate them
5   compared to the other judges in this district.

6   **II.    THE CASES INVOLVE SUBSTANTIALLY DIFFERENT CLAIMS**

7   Relation is also improper because the cases do not concern "*substantially* the same parties, …
8   transaction or event," N.D. Cal. Civ. R. 3-12(a) (emphasis added), as *FTC v. Intuit* has a different
9   theory of liability, challenges different conduct, and is brought by a government entity, not private
10  individuals.  *City of San Jose v. Office of the Comm'r of Baseball*, No. 13-cv-2787-RMW (N.D. Cal.
11  Mar. 2, 2015), Dkt. No. 69 at 2 (denying motion to relate when, *inter alia*, the cases involved different
12  plaintiffs); *DeSoto Cab Co., Inc. v. Uber Techs., Inc.*, No. 16-cv-06385-JSW (N.D. Cal. Jan. 7, 2019),
13  Dkt. 76 (denying motion to relate "given the differences between the two cases," including that the
14  "cases concern different plaintiffs, contain different factual allegations, address dissimilar scopes, and,
15  for the most part, entail different claims").  *In re Intuit Free File* involved only the allegation that
16  Intuit steered customers who were eligible to file a federal tax return for free under the IRS Free File
17  Program into instead paying for commercial TurboTax services and products.  Thus, in the
18  Consolidated Class Action Complaint (Dkt. 80), the proposed class definition was limited to
19  individuals who "were eligible to file a federal tax return pursuant to the IRS Free File Program …
20  but paid a fee to TurboTax to file such return."  Compl. ¶ 99.

21  *FTC v. Intuit*, by contrast, challenges practices that are untethered to the Free File program
22  (notwithstanding the extraneous paragraphs that discuss the Free File Program but have nothing to do
23  with the underlying cause of action).  Indeed, the FTC does not reference the Free File Program *even*
24  *once* in the substantive sections of its TRO & PI motion or the accompanying proposed order, or in its
25  sole cause of action.  *See* FTC Dkt. 6 & 6-1.  Instead, the central allegation underlying the FTC's case
26  is the allegation that that Intuit's advertisements concerning its commercial no-cost product, TurboTax
27  Free Edition, were misleading because the ads failed to adequately disclose the eligibility requirements
28  for *that* product—eligibility requirements that have nothing to do with IRS Free File.  *See* FTC Compl.

¶¶ 2-3, 28-51 (Dkt. 1). Similarly, the FTC alleges that the design of the commercial TurboTax website deceived customers—irrespective of their eligibility for Free Edition or Free File—into purchasing unwanted goods or services through the use of "required upgrade" or "hard stop" screens that, the FTC says, led consumers to believe they had to pay a fee in order to accurately file their taxes. *Id.* ¶¶ 52-65.

These (factually and legally erroneous) theories of deception were not at issue in *In re Intuit Free File*. Thus, even if there are "some similarities between the suits[,] … there are myriad case-specific facts and issues that do not overlap." *ASUS Comp. Int'l v. Interdigital, Inc.*, 2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015). In similar circumstances, courts in this district have routinely rejected case relation. *Id.* at *1-2; *see also, e.g.*, *Hill v. Goodfellow Top Grade*, 2019 WL 2716487, at *1 (N.D. Cal. June 28, 2019) (cases not related where "some of the[] allegations concern overlapping events and witnesses," but the "actions concern largely different events"); *Ortiz v. CVS Caremark Corp.*, 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) ("limited overlap of some class members is not enough to reach the 'substantial similarity' threshold"); *ESS Tech.*, 2001 WL 1891713, at *6 ("[A]lthough the three cases all share a common issue regarding the reasonableness of a license proposal, … resolution of this issue is dependent of a multitude of case-specific facts and issues.").

## CONCLUSION

The Administrative Motion should be denied.

| | | |
|---|---|---|
| 1 | Dated: March 30, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Sonal N. Mehta |
| | David Z. Gringer (*pro hac vice*) | Sonal N. Mehta (SBN 222086) |
| | WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
| 4 | HALE AND DORR LLP | HALE AND DORR LLP |
| | 250 Greenwich St. | 2600 El Camino Real |
| 5 | New York, NY 10007 | Suite 400 |
| | Telephone: (212) 230-8864 | Palo Alto, CA 94306 |
| 6 | david.gringer@wilmerhale.com | Telephone: (650) 858-6000 |
| 7 | | Facsimile: (650) 658-6100 |
| | | sonal.mehta@wilmerhale.com |
| 8 | | |
| | | Seth P. Waxman (*pro hac vice forthcoming*) |
| 9 | | Howard M. Shapiro (*pro hac vice forthcoming*) |
| 10 | | Jonathan E. Paikin (*pro hac vice*) |
| | | WILMER CUTLER PICKERING |
| 11 | | HALE AND DORR LLP |
| | | 1875 Pennsylvania Avenue NW |
| 12 | | Washington, DC 20006 |
| | | Telephone: (202) 663-6000 |
| 13 | | Facsimile: (202) 663-6363 |
| 14 | | seth.waxman@wilmerhale.com |
| | | howard.shapiro@wilmerhale.com |
| 15 | | jonathan.paikin@wilmerhale.com |

1  Sonal N. Mehta (SBN 222086)
   WILMER CUTLER PICKERING
2    HALE AND DORR LLP
   2600 El Camino Real
3  Suite 400
   Palo Alto, CA 94306
4  Telephone: (650) 858-6000
   Facsimile: (650) 658-6100
5  sonal.mehta@wilmerhale.com
6
7  Seth P. Waxman (*pro hac vice forthcoming*)
   Howard M. Shapiro (*pro hac vice forthcoming*)
8  Jonathan E. Paikin (*pro hac vice*)
   WILMER CUTLER PICKERING
9    HALE AND DORR LLP
   1875 Pennsylvania Avenue NW
10 Washington, DC 20006
   Telephone: (202) 663-6000
11 Facsimile: (202) 663-6363
12 seth.waxman@wilmerhale.com
   howard.shapiro@wilmerhale.com
13 jonathan.paikin@wilmerhale.com

David Z. Gringer (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8864
david.gringer@wilmerhale.com

*Attorneys for Defendant Intuit Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE INTUIT FREE FILE LITIGATION | Case No. 3:19-cv-02546-CRB<br><br>**DEFENDANT INTUIT INC.'S [PROPOSED] ORDER DENYING THE FTC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that the Federal Trade Commission's Administrative Motion to Consider Whether Cases Should be Related (Dkt. 216) is DENIED as follows:

1. The action recently filed in this District on March 28, 2022 and captioned as *Federal Trade Commission v. Intuit Inc.*, No. 5:22-cv-01973, is deemed to be not related to the class actions consolidated as *In re Intuit re Intuit Free File Litigation*, No. 3:19-cv-02546. *See* N.D. Cal. Civ. R. 3-12(a); and

2. *Federal Trade Commission v. Intuit* shall be assigned at random pursuant to this District's Assignment Plan. *See* N.D. Cal. Gen. Order 44 (Jan. 1, 2018).

Dated: _____     By: _____
                                  Hon. Charles R. Breyer
                                  United States District Judge

Submitted by:

WILMER CUTLER PICKERING HALE AND DORR LLP

By:   */s/ Sonal N. Mehta*
      *Attorney for Intuit Inc.*