SONAL N. MEHTA (SBN 222086)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
 Sonal.Mehta@wilmerhale.com

DAVID GRINGER (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
250 Greenwich St.
 New York, NY 10007
Telephone: (212) 230-8864
 David.Gringer@wilmerhale.com

SETH P. WAXMAN (*pro hac vice* forthcoming)
HOWARD M. SHAPIRO (*pro hac vice* forthcoming)
JONATHAN E. PAIKIN (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
 Seth.Waxman@wilmerhale.com
 Howard.Shapiro@wilmerhale.com
 Jonathan.Paikin@wilmerhale.com

*Attorneys for Defendant*
INTUIT INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                                 Plaintiff,<br><br>       v.<br><br>INTUIT INC.,<br><br>                                 Defendant. | Case No. 3:22-cv-01973-CRB<br><br>**DECLARATION OF DAVID GRINGER IN SUPPORT OF STIPULATION CONCERNING TIME FOR INTUIT'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

I, David Gringer, declare as follows:

1.  I am a partner at Wilmer Cutler Pickering Hale and Dorr LLP. I represent Defendant Intuit Inc. in the above-captioned action.

2.  Pursuant to Local Rule 6-2(a), I submit this declaration in support of the Parties' Stipulation Concerning Extending Intuit's Time to File a Statement in Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

3.  On March 28, 2022, the FTC filed this suit against Intuit along with a TRO Motion. The FTC filed 306 exhibits, spanning over 3,000 pages, with the March 28 TRO Motion. *See* ECF No. 7.

4.  Also on March 28, 2022, the FTC filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, provisionally sealing the complaint, the TRO motion, and the 306 exhibits. The deadline for Intuit to respond to this motion, or risk having these materials unsealed, is April 4, 2022. *See* L.R. 79-5(f)(3).

5.  On March 29, 2022, the FTC filed an Amended TRO Motion. Also on March 29, the FTC filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, provisionally sealing the Amended TRO Motion. The deadline for Intuit to respond to the March 29 motion, or risk having the Amended TRO Motion unsealed, is April 5, 2022. *See* L.R. 79-5(f)(3).

6.  Many of the exhibits filed with the March 28 TRO Motion include highly sensitive and proprietary information regarding Intuit's operation. Disclosing such information would allow Intuit's competitors to gain key insight into Intuit's internal business strategy and would cause the company competitive and financial harm.

7.  On March 31, 2022, counsel for the parties conferred by email regarding Intuit's request that certain exhibits be removed from the docket. Specifically, counsel for Intuit requested that counsel for the FTC agree to withdraw exhibits that are not cited in or otherwise relied on in the TRO Motion, and thus have no bearing on or relation to the TRO Motion. In the alternative, Intuit asked for additional time to review all of the documents for sealing purposes. Counsel for

Case No.: 3:22-cv-01973-CRB    Decl. ISO Stipulation Concerning Time

2

1. the FTC declined to withdraw these exhibits but agreed to a 14-day extension of Intuit's deadline to respond to Plaintiff's March 28, 2022, Motion to Consider Whether Another Party's Material Should Be Sealed, and a 13-day extension to respond to Plaintiff's March 29, 2022, Motion to Consider Whether Another Party's Material Should Be Sealed.  Pursuant to this agreement, Intuit's deadline to respond to both motions would be April 18, 2022.  Intuit reserved its right to move to strike exhibits it believes are immaterial to the TRO Motion.

7. This additional time is necessary for Intuit to review the exhibits and other documents and file a statement to support keeping portions of these materials under seal.  It would place an unreasonable burden on Intuit to require it to review over 3,000 pages of exhibits in seven days.  That burden is all the more unreasonable given that the FTC has sought emergency relief, requiring Intuit to quickly file an opposition.  Intuit reserves its right to move to strike the exhibits that are not relevant to the TRO motion before the April 18, 2022 deadline.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of April, 2022, in New York, New York.

By: /s/ David Gringer
    David Gringer

## ATTESTATION

I, Sonal Mehta, am the ECF user whose identification and password are being used to file this Stipulation.  In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest David Gringer has concurred in this filing.

Dated: April 1, 2022                                  By:   /s/     Sonal N. Mehta
                                                                    Sonal N. Mehta