| | |
|---|---|
| SONAL N. MEHTA (SBN 222086) | DAVID Z. GRINGER (*pro hac vice*) |
| WILMER CUTLER PICKERING HALE AND DORR LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 2600 El Camino Real, Suite 400 | 250 Greenwich St. |
| Palo Alto, CA 94306 | New York, NY 10007 |
| Telephone: (650) 858-6000 | Telephone: (212) 230-8864 |
| Facsimile: (650) 858-6100 | David.Gringer@wilmerhale.com |
| Sonal.Mehta@wilmerhale.com | |

SETH P. WAXMAN (*pro hac vice*)
HOWARD M. SHAPIRO (*pro hac vice* forthcoming)
JONATHAN E. PAIKIN (*pro hac vice*)
DEREK A. WOODMAN (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
 Seth.Waxman@wilmerhale.com
 Howard.Shapiro@wilmerhale.com
 Jonathan.Paikin@wilmerhale.com
 Derek.Woodman@wilmerhale.com

*Attorneys for Defendant*
INTUIT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:22-cv-01973 -CRB |
| Plaintiff, | **DECLARATION OF DAVID GRINGER IN SUPPORT OF INTUIT INC.'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| v. | |
| INTUIT INC., | |
| Defendant. | |

I, David Gringer, declare as follows:

1. I am a partner at Wilmer Cutler Pickering Hale and Dorr LLP. I represent Defendant Intuit Inc. in the above-captioned action.

2. I submit this declaration in support of Intuit's Opposition to the Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

3. I have personal knowledge of the facts stated in this declaration.

4. I was the counsel of record for Intuit in the Federal Trade Commission's investigation of Intuit.

5. The FTC initiated its investigation into Intuit's allegedly deceptive practices in May 2019. On June 28, 2019, the FTC issued a Civil Investigative Demand ("CID") to Intuit. On May 18, 2020, the FTC issued a second CID to Intuit and separate CIDs for testimony to certain Intuit employees. The second set of CIDs to Intuit demanded documents, written interrogatory responses, and testimony from a corporate representative of Intuit. In response to those CIDs, Intuit produced hundreds of thousands of documents, provided dozens of written interrogatory responses, and provided testimony from corporate representatives of Intuit. Between September 29, 2020, and October 30, 2020, the FTC conducted investigational hearings for eight Intuit employees.

6. Each of the CIDs stated that the purpose of the FTC's investigation was "to determine whether Intuit Inc. has engaged in deceptive or unfair acts or practices with respect to the marketing or advertising of online tax preparation products, in violation of the FTC Act, 15 U.S.C. § 45."

7. Intuit provided its last response to the FTC's CIDs in November 2020.

8. Intuit submitted five separate briefings—known as "white papers"—to the FTC between October 27, 2020, and December 28, 2020, intended to address the issues raised during the FTC's investigation.

9. On June 29, 2021—183 days, or about six months, after Intuit submitted its fifth white paper to the FTC—the FTC provided Intuit with a draft complaint, a minor part of which

1  alleged that Intuit's marketing of its free commercial product was deceptive. At that point, the
2  FTC expressly requested that Intuit refrain from discussing the merits of the allegations in the draft
3  complaint with them because they thought doing so would be "unproductive."

4      10.     After the parties had nearly reached an agreement on injunctive relief in November
5  2021, ahead of the current tax season, the FTC refused to further discuss injunctive relief unless
6  Intuit agreed to pay the FTC a substantial sum of money, even though the FTC lacks authority to
7  obtain monetary relief under Section 13(b), as recognized by the United States Supreme Court in
8  *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021). The FTC never again considered
9  any proposal for injunctive relief.

10     11.     The FTC waited 272 days after sending Intuit the draft complaint—roughly nine
11  months—to file the complaint and motion for a TRO.

12     12.     A true and correct excerpt of the Executive Summary of the National Taxpayer
13  Advocate's 2018 Annual Report to Congress, available at https://www.taxpayeradvocate.irs.gov/
14  wp-content/uploads/2020/07/ARC18_ExecSummary.pdf (last accessed Apr. 4, 2022), is attached
15  hereto as Exhibit A. It estimates that, during Tax Year 2019, "approximately 47 million taxpayers
16  (32 percent) could meet their filing requirements" on an IRS Form 1040 with no attached
17  schedules, and were therefore eligible for TurboTax Free Edition.

18     13.     A true and correct excerpt of the Internal Revenue Service Data Book, 2019,
19  available at https://www.irs.gov/pub/irs-prior/p55b--2020.pdf (last accessed Apr. 4, 2022), is
20  attached hereto as Exhibit B. It shows that, in Tax Year 2018, of the 154 million individual tax
21  returns filed in the United States, 79.9 million (approximately 52 percent) were prepared and
22  electronically filed by a paid tax professional, 16.9 million (approximately 11 percent) were self-
23  prepared on paper, and 54.5 million (approximately 35 percent) were self-prepared using an online
24  tax-preparation software program.

25     14.     A true and correct excerpt of the ReadyReturn Tool Kit created by the State of
26  California Franchise Tax Board, available at https://web.archive.org/web/20140429085122/

27
28

Case No.: 3:22-cv-01973-CRB     Decl. ISO Intuit's opposition to plaintiff's emergency motion for TRO and PI

3

1  https://www.ftb.ca.gov/aboutFTB/tool_kits/ReadyReturn/2014_Tool_Kit.pdf (archived Apr. 29, 2014), is attached hereto as Exhibit C.

15. A true and correct excerpt of the FTC's ".com Disclosures" guidelines, available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-advertising-disclosure-guidelines/130312dotcomdisclosures.pdf (last accessed Apr. 4, 2022), is attached hereto as Exhibit D.

16. A true and correct excerpt of the table of contents for the MITRE Corporation's Independent Assessment of the Free File Program, available at https://www.irs.gov/pub/newsroom/01_free-file-program-assessment-100319.pdf (last accessed Apr. 4, 2022), is attached hereto as Exhibit E.  The table of contents shows that attached to the MITRE Corporation's Independent Assessment of the Free File Program is Appendix A: The Economics of IRS Free File.

17. A true and correct excerpt of Appendix A: The Economics of IRS Free File from the MITRE Corporation's Independent Assessment of the Free File Program, available at https://www.irs.gov/pub/newsroom/02-appendix-a-economics-of-irs-free-file.pdf (last accessed Apr. 4, 2022), is attached hereto as Exhibit F.

18. A true and correct copy of Sabrina Parys & Tina Orem, *TurboTax Review 2022*, NerdWallet (Mar. 3, 2022), available at https://www.nerdwallet.com/article/taxes/turbotax-review (last accessed Apr. 4, 2022), is attached hereto as Exhibit G.

19. A true and correct copy of Caitlin Ward, *TurboTax Review In-Depth: Does Free Really Mean Free?*, Listen Money Matters, available at https://www.listenmoneymatters.com/turbo-tax-review/ (last accessed Apr. 4, 2022), is attached hereto as Exhibit H.

20. A true and correct copy of Emily Zhu, *TurboTax Review 2022*, SmartAsset (Feb. 14, 2022), available at https://smartasset.com/taxes/turbo-tax-review (last accessed Apr. 4, 2022), is attached hereto as Exhibit I.

21. A true and correct copy of an email I sent on behalf of Intuit to FTC Chair Lina Khan on March 24, 2022, is attached hereto as Exhibit J.

22. A true and correct copy of an email I sent on behalf of Intuit to Clark Russell and Joseph Mueller, both of the New York State Office of the Attorney General, on March 28, 2022, and forwarded to representatives of the FTC by Hon. Jon Leibowitz, is attached hereto as Exhibit K. Intuit has redacted settlement discussions in Exhibit K that are not relevant to Intuit's opposition, but Intuit can provide the unredacted exhibit at the Court's request.

23. A true and correct copy of IRS, *IRS Free File Marks Record Increase; Available Through Oct. 15*, IR-2020-230 (Oct. 6, 2020), available at https://www.irs.gov/newsroom/irs-free-file-marks-record-increase-available-through-oct-15, is attached hereto as Exhibit L.

24. A true and correct copy of Press Release, *Treasury, IRS Announce New Efforts to Expand E-Filing*, U.S. Department of Treasury (Jan. 30, 2002), available at https://web.archive.org/web/20210402113940/https://www.treasury.gov/press-center/press-releases/Pages/po964.aspx (archived Apr. 2, 2021), is attached hereto as Exhibit M.

25. A true and correct excerpt of the National Taxpayer Advocate's 2021 Annual Report to Congress, available at https://www.taxpayeradvocate.irs.gov/wp-content/uploads/2022/01/ARC21_Full-Report.pdf (last accessed Apr. 4, 2022), is attached hereto as Exhibit N.

26. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4th day of April, 2022, in New York, New York.

By: */s/ David Gringer*
      David Gringer

**ATTORNEY ATTESTATION**

I, Sonal N. Mehta, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(1)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

By: */s/ Sonal N. Mehta*
Sonal N. Mehta