Roberto Anguizola (IL Bar No. 6270874)
Frances Kern (MN Bar No. 395233)
Rebecca Plett (VA Bar No. 90988)
James Evans (VA Bar No. 83866)
Federal Trade Commission
600 Pennsylvania Ave., NW, Mailstop CC-5201
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2391 / fkern@ftc.gov
(202) 326-3664 / rplett@ftc.gov
(202) 326-2026 / james.evans@ftc.gov
(202) 326-3395 (fax)

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> v. <br><br> **Intuit Inc.**, <br><br> Defendant. | No. 22-cv-01973-CRB <br><br> **Declaration of Roberto Anguizola in Support of Plaintiff FTC's Administrative Motion For A Ruling On Plaintiff's Emergency Motion for Temporary Restraining Order Based on the Briefs Alone or to Advance the Hearing Date** |

I, Roberto Anguizola, hereby declare as follows:

1. I am one of the staff attorneys representing the Federal Trade Commission ("FTC" or "Commission") in this action against defendant Intuit Inc. ("Intuit").

**I.   Description of the Dispute, Reasons for the Requested Expedited Ruling on TRO and/or Advancement of Hearing, and Substantial Harm that Would Occur if the Court Did Not Do So**

2. On March 28, 2022, Plaintiff, the Federal Trade Commission, filed this action and moved for a temporary restraining order ("TRO") and preliminary injunction ("TRO Motion") seeking to immediately halt Defendant Intuit Inc.'s ongoing and deceptive advertising of TurboTax, a commonly-used online tax preparation service that enables users to prepare and file their income tax returns.  Dkts. 1, 6.

3. For reasons explained in the TRO Motion, Intuit's advertising violates the FTC Act and should be put on hold to avoid victimizing consumers during the end of tax filing season and during the pendency of an administrative trial on the merits before the Federal Trade Commission.

4. On March 28, 2022, Intuit filed a Notice of Intent to Oppose the FTC's TRO Motion (Dkt. No. 18). In its notice, Intuit asserted that: "The FTC waited until shortly before Tax Day to seek a TRO, despite knowing of the conduct it now challenges for 'years.' Indeed, any shortness of time for this Court to act before Tax Day is entirely of the FTC's own making." Notice, at 2.

5. The FTC did not address the allegations of delay in Intuit's Notice in order to avoid extraneous docket filings. However, Intuit again raised undue delay in its Opposition to the FTC's TRO Motion (Dkt. No. 45), and the FTC has now fully refuted Intuit's allegations in its Reply in Support of its TRO Motion (Dkt. No. 48) and the accompanying Declaration of FTC Attorney James Evans (Dkt. No. 48–6), filed today.

6. On March 31, 2022, the Court entered an Order Setting Briefing Scheduling and Hearing Date ("Scheduling Order") on the TRO Motion. Dkt. 37. In entering the Scheduling Order, the Court found that: "FTC's delay in filing this motion for emergency relief weighs against an extremely abbreviated briefing schedule." Dkt. 37. Based on this finding, the Court adhered to a briefing schedule whereby Intuit's opposition was due April 4, with the FTC's reply due April 8. The Scheduling Order also rescheduled a hearing on the TRO Motion to April 21, 2022 at 10 a.m.

7. The FTC respectfully suggests that there was more to the story of the length of the FTC's investigation and compromise attempts than the Court was aware of on March 31. The full story can be found in the FTC's Reply in Support of its TRO Motion (Dkt. No. 48) and the accompanying Declaration of FTC Attorney James Evans (Dkt. No. 48–6).

8. Both parties adhered to the briefing schedule and the FTC's TRO Motion is now fully briefed and ripe for a ruling.

9. Time is of the essence in considering the TRO Motion.

10. As more fully explained in the FTC's TRO Motion and Reply, it is the peak of the tax season (between now and April 18), when most American taxpayers purchase tax preparation services like TurboTax, and Intuit's deception of those consumers is ongoing in violation of Section 5(a) of the FTC Act. Millions of consumers will be selecting tax preparation service in the coming days and will inevitably be exposed to Intuit's deceptive advertising through a variety of media, including social media, mobile ads, search ads, and websites, including the official Turbo Tax website. For this reason, the Court should immediately halt Intuit's deceptive "free" TurboTax advertising campaign by entering the proposed TRO.

11. The FTC respectfully requests that the Court do so based on the papers and without waiting to hold a hearing. Alternatively, the FTC respectfully requests that the Court advance the hearing date to the earliest possible date. The currently scheduled hearing on the FTC's TRO Motion is several days after Tax Day (April 18) and a significant amount of irreparable harm to consumers and honest competitors could be prevented by entering a TRO before then.

12. As explained in the FTC's Reply in Support of its TRO Motion (Dkt. No. 48) and the accompanying Declaration of FTC Attorney James Evans (Dkt. No. 48–6), the FTC was diligent in investigating Intuit's deceptive business practices and bringing this action. Any delay in bringing this action was justified and the result of a thorough investigation, extensive and lengthy attempts at compromise, and careful deliberation by the Commission.

13. Even if the Court finds that the FTC delayed in filing this motion for emergency relief, American taxpayers are the primary beneficiaries of this action and they played no role in any delay. The Court should act immediately to protect the public as Intuit is unwilling or unable to self-correct.

**II.     Efforts Made to Obtain a Stipulation and Position of Defendant Intuit Inc.**

14. On April 8, 2022, I reached defense counsel David Gringer by telephone and asked whether he would stipulate to Plaintiff FTC's Administrative Motion For A Ruling On Plaintiff's Emergency Motion for Temporary Restraining Order Based on the Briefs Alone or to

1  Advance the Hearing Date. During the call, Mr. Gringer told me he would confer with Intuit Inc.
2  and get back to me.

3      15.    At 1:15 p.m. EST, I received an email from Mr. Gringer stating Intuit's position as
4  follows: "Intuit opposes the relief sought because there is no emergency: as Intuit previously
5  explained, the challenged advertisements will not run between now and tax day, and as Judge
6  Breyer held eight days ago (ECF No. 37), the "FTC's delay in filing this motion for emergency
7  relief weighs against an extremely abbreviated briefing schedule."

8  **III.**     **Other Matters**

9      16.    There are no previous time modifications in the case other than rescheduling of
10  the TRO hearing date to April 21, 2022 at 10 a.m. Dkt. 37.

11      17.    The requested time modification will not have any other effect on the schedule for
12  the case as no scheduling order has been entered.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2022                   /s/ Roberto Anguizola

**Roberto Anguizola**, IL Bar No. 6270874
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-5201
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2391 / fkern@ftc.gov
(202) 326-3664 / rplett@ftc.gov
(202) 326-2026 / james.evans@ftc.gov
(202) 326-3395 (fax)

**Attorneys for Plaintiff**
**Federal Trade Commission**