SONAL N. MEHTA (SBN 222086)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
 Sonal.Mehta@wilmerhale.com

SETH P. WAXMAN (*pro hac vice*)
HOWARD M. SHAPIRO (*pro hac vice*)
JONATHAN E. PAIKIN (*pro hac vice*)
DEREK A. WOODMAN (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
 Seth.Waxman@wilmerhale.com
 Howard.Shapiro@wilmerhale.com
 Jonathan.Paikin@wilmerhale.com
 Derek.Woodman@wilmerhale.com

DAVID Z. GRINGER (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
 New York, NY 10007
Telephone: (212) 230-8800
 David.Gringer@wilmerhale.com

*Attorneys for Defendant*
INTUIT INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>   v.<br><br>INTUIT INC.,<br><br>                Defendant. | Case No. 3:22-cv-01973-CRB<br><br>**DEFENDANT INTUIT INC.'S STATEMENT RESPONDING TO PLAINTIFF'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AND ADMINISTRATIVE MOTION TO STRIKE EXHIBITS** |

Pursuant to Civ. L.R. 7-11 and 79-5, Intuit respectfully submits this statement setting forth portions of the Complaint, Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion"), and 13 of the 125 exhibits cited by the FTC in the TRO Motion that should remain under seal. In addition, Intuit moves to strike 136 exhibits that were not cited or otherwise relied on by the FTC in its TRO Motion. In the alternative, if these exhibits are not stricken, Intuit requests that 22 of those exhibits remain fully or partially sealed. Pursuant to Local Rule 7-11, Intuit attempted to obtain a stipulation from the FTC regarding withdrawing the irrelevant exhibits filed along with the TRO Motion. The FTC rejected Intuit's request. *See* Gringer Decl., Ex. B.

**I.    Portions Of The Complaint, TRO Motion, And 13 Exhibits Cited Therein Should Be Maintained Under Seal**

Intuit respectfully requests to seal portions of the Complaint, initial TRO Motion, amended TRO Motion, and 13 exhibits cited in the TRO Motion. Court documents that are "more than tangentially related to the merits of a case" can be sealed for "compelling reasons." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). In determining whether sealing is warranted, courts "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). Compelling reasons to seal court records typically exist when the records "might be used ... 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Courts thus have "permit[ted] sealing of court documents for, among other things, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. Nov. 2, 2018).

Here, Intuit requests to seal limited portions of the Complaint, initial TRO Motion, amended TRO Motion, and exhibits cited therein that discuss Intuit's confidential commercial information and, if publicly disclosed, would harm its competitive standing. *See* Ryan Decl. ¶¶ 3-5. As detailed in Ms. Ryan's declaration, the documents sought to be sealed contain detailed business metrics, such as revenue obtained from certain groups of consumers, data regarding customer behavior, and the performance of various Intuit products. *See* Ryan Decl. ¶¶ 6-14. Courts have recognized that such

1

Case no.: 3:22-cv-01973-CRB                    Intuit's Statement Responding To Motion To Consider Whether Another Party's Material Should Be Sealed And Motion to Strike

business metrics, if disclosed, could be used by competitors and thus merit sealing. *See Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016) (sealing an exhibit detailing "product-specific customer data that could be used to the company's competitive disadvantage"); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014) (sealing exhibits containing confidential information regarding company revenues); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (sealing exhibits and trial testimony containing "pricing and customer data"). The documents sought to be sealed also contain confidential information regarding Intuit's marketing and advertising strategies, including budgetary information. Ryan Decl. ¶¶ 6-14. This information is not publicly known, and if disclosed, Intuit's competitors could exploit it to Intuit's detriment and harm its competitive standing. *Id.*; *see also Heartland Payment Sys. v. Mercury Payment Sys., LLC*, 2016 U.S. Dist. LEXIS 47975, at *11 (N.D. Cal. April 8, 2016) (sealing portions of a false advertising counterclaim because it demonstrated the company's confidential "marketing and communications strategy"); *Barnes v. Hershey Co.*, 2015 WL 1814293, at *2-3 (N.D. Cal. April 21, 2015) (sealing exhibits that discussed a company's "business strategy," "financial information," "sales strategies," and "internal … planning and … management strategies" that, if publicly disclosed, would have compromised the company's competitive standing).

The likelihood of competitive harm if the exhibits were disclosed is underscored by the highly competitive nature of the online tax preparation industry, and the fact that several of Intuit's competitors run advertisements referencing Intuit's products and pricing by name. *See* Ryan Decl. ¶ 3. Intuit recognizes and appreciates the importance of public access to court documents relevant to the merits of an action, and has purposefully limited its sealing requests to only those portions of the above-referenced documents that reflect confidential business information that would harm its competitive standing. *Id.* ¶ 24. Consistent with Civ. L.R. 79-5, the confidential information Intuit seeks to seal has been highlighted in the versions of the documents attached to this motion.

## II. The 136 Exhibits Not Cited By The FTC Should Be Struck

Intuit respectfully moves to strike the 136 exhibits filed by the FTC that are wholly irrelevant to its pending motion and have no legitimate purpose for remaining on the public docket. The FTC

2

CASE NO.: 3:22-cv-01973-CRB   INTUIT'S STATEMENT RESPONDING TO MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AND MOTION TO STRIKE

filed 261 exhibits, compiled in seven volumes and spanning over 3,000 pages, purportedly "in support of the Motion for TRO." ECF No. 7 at 2.[1]  But over half of these exhibits, 136 of them, are not cited in the TRO Motion, reply, or any supporting declarations.  *See id*.  A list of these 136 exhibits is attached as Exhibit A to the declaration of David Gringer filed in support of this motion.  *See* Gringer Decl., Ex. A.

"District courts have inherent power to control their docket," including by striking documents because they are improperly filed or irrelevant to the issues before the court.  *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (cleaned up); *see also Overstock.com, Inc. v. Goldman Sachs Grp.*, 180 Cal. Rptr. 3d 234, 259 (Cal. Ct. App. 2014) (holding "the trial court could have stricken *thousands* of pages of the confidential discovery materials plaintiffs submitted but never referenced in their opposing papers," which would have "eliminat[ed] the need to address any sealing issues as to these materials").  In *Martel v. Astrue*, 2011 U.S. Dist. LEXIS 52673, at *3-4 (N.D. Cal. May 17, 2011), for instance, the court exercised that authority to strike "declarations and exhibits" that were "not probative of [the plaintiff's] claims in th[e] action" and "irrelevant to the [court's] inquiry."  And in the analogous context of Federal Rule of Civil Procedure 12(f), which governs motions to strike pleadings, courts often strike "immaterial matter[s]" that "ha[ve] no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993*), rev'd on other grounds*, 510 U.S. 517 (1994); *see also, e.g.*, *Miller v. Uni-Pixel Inc.*, 2017 WL 3007082, at *7 (N.D. Cal. July 14, 2017) (striking an exhibit that had "no possible bearing on [the] case").

Here, the 136 exhibits should be struck because they were not cited by the FTC and are thus plainly irrelevant to the Court's inquiry.  Indeed, contrary to its representation when filing the exhibits, *see* ECF No. 7 at 2, the FTC has admitted that the exhibits "are not specifically *government exhibits in support of the motion for a TRO*," Gringer Decl., Ex. B.  It is not clear what objectives the FTC was hoping to accomplish by filing on the public docket a large volume of Intuit's sensitive

---

[1] The FTC numbered 306 exhibits, but 45 are "intentionally omitted," meaning that only 261 documents were actually filed.  Gringer Decl. ¶ 3.

3

CASE NO.: 3:22-cv-01973-CRB    INTUIT'S STATEMENT RESPONDING TO MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AND MOTION TO STRIKE

1  internal communications and business documents that it acknowledges have no bearing on the
2  motion. Intentions aside, it is clear that keeping the 136 exhibits on the docket would serve only to
3  prejudice Intuit by unnecessarily disclosing its business records to competitors and the general
4  public. The exhibits' filing also substantially burdened Intuit by requiring a careful review to
5  determine if any portions should be sealed (a burden the Court would share if the exhibits were to
6  remain on the docket). Intuit's counsel spent more than 70 hours reviewing the more than 3,000
7  pages of exhibits; those efforts would have been reduced substantially had the FTC filed only those
8  exhibits that it claims support its motion. Gringer Decl. ¶ 7.

The FTC wrongly asserts that it was required to file its "complete investigational hearing record for the sake of completeness." Gringer Decl., Ex. B. But it did not even do that—only filing a subset of that record. Anyway, this is not an action for review of an administrative record. *Cf.* Civ. L.R. 16-5. This action seeks only preliminary injunctive relief pending a determination of the merits of the claim set forth in the FTC's Administrative Complaint by an Administrative Law Judge. The local rules here do not permit, let alone require, the FTC to file extraneous and irrelevant exhibits in support of its TRO Motion simply because it received those exhibits during its investigation. The FTC also suggested that filing the irrelevant exhibits comports with Local Rule 30-2. Gringer Decl., Ex. B. Again, that is wrong. Local Rule 30-2 provides the procedures for "Numbering of Deposition Pages and Exhibits," and the specific subsection cited by the FTC requires only that, to the extent practicable, duplicate exhibits "must bear the same exhibit number regardless of which party is using the exhibit," Civ. L.R. 30-2(b)(3). The rule says nothing about filing needless exhibits that might, at some future point in the litigation, be cited by one of the parties. The irrelevant materials should be struck.

**III.   In the Alternative, At Least Portions Of The 136 Uncited Exhibits Should Be Sealed**

If the exhibits filed by the FTC that have no relation to the TRO Motion are not stricken, Intuit requests that those exhibits, or portions of those exhibits, remain under seal. "[F]ilings that are only tangentially related to the merits may be sealed upon a lesser showing of 'good cause.'" *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 595, 616 (N.D. Cal. 2018). The confidential nature of the exhibits, and the fact that they are not at all relevant to the pending motion,

4

CASE NO.: 3:22-cv-01973-CRB   INTUIT'S STATEMENT RESPONDING TO MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AND MOTION TO STRIKE

provides good cause to seal (or strike) them in their entirety. *See Ipsilium LLC v. Cisco Sys., Inc.*, 2020 WL 8991670, at *2 (N.D. Cal. Mar. 16, 2020) ("[B]ecause the documents divulge proprietary and confidential information unrelated to the public's understanding of the judicial proceedings in this action, the Court finds that there is good cause to file the documents under seal.").

Even if the "compelling reason" standard were to apply, portions of 21 uncited exhibits should remain under seal. Notwithstanding its request to strike the exhibits, Intuit undertook the effort to identify portions that disclose confidential commercial information that would particularly harm its competitive standing. *See* Ryan Decl. ¶¶ 15-23. As described above, Intuit has a compelling reason to protect from disclosure its confidential marketing strategies and business metrics reflected in the uncited exhibits, the disclosure of which would cause competitive harm. *See id.* Those reasons are all the more compelling with respect to the uncited exhibits because "the public interest [in viewing court documents] is limited where, as here, the content sought to be sealed is irrelevant to the Court's decision." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *see also O'Connor v. Uber Techs.*, 2015 U.S. Dist. LEXIS 9347, at *11-12 (N.D. Cal. 2015) (sealing exhibits disclosing company's price structure and negotiations where it was "minimally relevant (if at all) to the issues raised" in the motion). Indeed, it would be strange (and provide perverse incentives) if a company's documents lost their confidential nature, and the protection that affords, simply because another party erroneously or improperly filed them on the docket. *See Barnes*, 2015 WL 181429, at *3 (there are compelling reasons to seal records when those records "have become a vehicle for improper purposes").

For the foregoing reasons, Intuit respectfully requests that the Court (1) maintain portions of the FTC's Complaint, TRO Motions, and the exhibits cited in the TRO Motion under seal, (2) strike the 136 exhibits not cited by the FTC or, in the alternative, (3) maintain portions of the uncited exhibits under seal.

5

CASE NO.: 3:22-cv-01973-CRB            INTUIT'S STATEMENT RESPONDING TO MOTION TO CONSIDER WHETHER
                                        ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AND MOTION TO STRIKE

Dated: April 18, 2022

Respectfully submitted,

By: */s/ Sonal N. Mehta*
Sonal N. Mehta (SBN: 222086)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
  Sonal.Mehta@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Howard M. Shapiro (*pro hac vice*)
Jonathan E. Paikin (*pro hac vice*)
Derek A. Woodman (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
  Seth.Waxman@wilmerhale.com
  Howard.Shapiro@wilmerhale.com
  Jonathan.Paikin@wilmerhale.com
  Derek.Woodman@wilmerhale.com

David Z. Gringer (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
 New York, NY 10007
Telephone: (212) 230-8864
  David.Gringer@wilmerhale.com

*Attorneys for Defendant Intuit Inc.*