SONAL N. MEHTA (SBN 222086)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
 Sonal.Mehta@wilmerhale.com

SETH P. WAXMAN (*pro hac vice*)
HOWARD M. SHAPIRO (*pro hac vice*)
JONATHAN E. PAIKIN (*pro hac vice*)
DEREK A. WOODMAN (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
 Seth.Waxman@wilmerhale.com
 Howard.Shapiro@wilmerhale.com
 Jonathan.Paikin@wilmerhale.com
 Derek.Woodman@wilmerhale.com

DAVID Z. GRINGER (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
 David.Gringer@wilmerhale.com

*Attorneys for Defendant*
INTUIT INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>INTUIT INC.,<br><br>  Defendant. | Case No. 3:22-cv-01973-CRB<br><br>**DEFENDANT INTUIT INC.'S ADMINISTRATIVE MOTION TO FILE TEMPORARILY UNDER SEAL CONFIDENTIAL NOTICE OF RECENT DEVELOPMENT AND DECLARATION OF THOMAS HENRY** |

Pursuant to Civ. L.R. 7-11 and 79-5, Intuit respectfully submits this administrative motion to file temporarily under seal the Confidential Notice of Recent Development and the Declaration of Thomas Henry, filed herewith.

## I. Legal Standard

Court documents that are "more than tangentially related to the merits of a case" can be sealed for "compelling reasons." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). In determining whether sealing is warranted, courts "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). Compelling reasons to seal information often exist when the information "might be used ... 'as sources of business information that might harm a litigant's competitive standing,'" *id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), or when the information is "subject to confidentiality provisions," *Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *2 (S.D. Cal. Sept. 5, 2017); *see also Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. Nov. 2, 2018) (observing that sealing is often appropriate for protection of "confidential … commercial information").

## II. The Court Should Permit Temporary Sealing of the Confidential Notice of Recent Development and of the Henry Declaration

Compelling reasons support the temporary sealing of the Confidential Notice of Recent Development (the "Notice") and of the Declaration of Thomas Henry submitted in support of this administrative motion (the "Henry Declaration"), each of which includes nonpublic information that is sensitive and confidential. *See Compal Elecs.*, 2017 WL 11423604, at *2-3 (permitting sealing of information that was "subject to confidentiality provisions," including confidentiality restrictions imposed by third parties); *see also Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding "compelling reasons" for sealing nonparty's "highly confidential information"). As explained in the Notice itself and in the Henry Declaration, Intuit thought it important to bring the subject matter of the Notice to the Court's attention as soon as possible,

because of its possible impact on the upcoming hearing on Plaintiff's motion for a temporary restraining order.  *See* Henry Decl. ¶ 3.  However, Intuit is unable at this time to disclose publicly the information contained in the Notice.  *Id.*  Temporarily sealing the Notice and Henry Declaration would cause minimal or no harm to the public's interest in the transparency of these proceedings.  This is particularly true because, in all likelihood, the subject matter of the Notice will become public before the Court rules on the FTC's TRO Motion.  *See SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1046 (N.D. Cal. 2018) (permitting temporary sealing of document relevant to defendant's motion to dismiss, in light of confidentiality concerns, until court's consideration of motion).  On the other side of the scale, premature public disclosure of the subject matter of the Notice and the Henry Declaration would cause significant harm.  *See* Henry Decl. ¶¶ 3-6.

Once the subject matter of the Notice has become public, Intuit will promptly notify the Court and withdraw its request that the Notice and the Henry Declaration remain sealed.

**III.   Conclusion**

For the foregoing reasons, Intuit respectfully requests temporary sealing of the Confidential Notice of Recent Development and of the Declaration of Thomas Henry.

Dated:  April 20, 2022                                         Respectfully submitted,

By: */s/ David Z. Gringer*
David Z. Gringer (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Telephone:  (212) 230-8864
Facsimile:  (212) 230-8888
  David.Gringer@wilmerhale.com

Sonal N. Mehta (SBN: 222086)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
  Sonal.Mehta@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Howard M. Shapiro (*pro hac vice*)
Jonathan E. Paikin (*pro hac vice*)
Derek A. Woodman (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
  Seth.Waxman@wilmerhale.com
  Howard.Shapiro@wilmerhale.com
  Jonathan.Paikin@wilmerhale.com
  Derek.Woodman@wilmerhale.com

*Attorneys for Defendant Intuit Inc.*

3