```
Roberto Anguizola (IL Bar No. 6270874)
Frances Kern (MN Bar No. 395233)
Rebecca Plett (VA Bar No. 90988)
James Evans (VA Bar No. 83866)
Federal Trade Commission
600 Pennsylvania Ave., NW, Mailstop CC-6316
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2391 / fkern@ftc.gov
(202) 326-3664 / rplett@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> v. <br><br> **Intuit Inc.**, <br><br> Defendant. | No. 3:22-cv-1973-CRB <br><br> **Plaintiff FTC's Opposition to Defendant Intuit Inc.'s Administrative Motion to File Temporarily Under Seal Confidential Notice of Recent Developments and Declaration of Thomas Henry** |

During the afternoon of April 20, 2022, less than 24 hours before the Court was set to hear oral argument on Plaintiff FTC's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 28), Defendant Intuit Inc. filed an administrative motion (Dkt. No. 58) seeking to file under temporary seal a notice (Dkt. No. 58-3) and declaration (Dkt. No. 58-2) about an irrelevant ████████████████████████████████████████████. Because Intuit's filing is irrelevant and improper, and fails to meet the standard for filing under seal, the FTC opposes Intuit's motion.

**I.    The Notice and Declaration Do Not Meet the Standard to Seal.**

Intuit argues that "[c]ompelling reasons support" its request to temporarily file under seal. (Dkt. No. 58 at 2.) Sealing records is only appropriate when a court "finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). But this analysis starts with a "strong preference for public access," *id.* at 1097, and Intuit "bears the burden of overcoming this strong presumption," *id.* at 1096 (quoting *Kamakana*, 447 F.3d at 1178). Intuit has not done so here.

Although the Ninth Circuit has recognized that court records that are "'sources of business information that might harm a litigant's competitive standing'" may meet this standard, *id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), the bases Intuit points to here—[redacted] (Dkt. No. 58-3, ¶¶ [redacted] and [redacted]—do not harm Intuit's competitive standing in the marketplace. Intuit asks the Court to temporarily seal an [redacted]

Intuit also argues that [redacted] This highlights the bizarre nature of Intuit's filing that [redacted] The information is apparently [redacted] the question *currently* before the Court: whether Intuit's ongoing deceptive conduct should be enjoined.

As explained further below, Intuit's [redacted] has no bearing on the merits of the relief sought by the FTC. That Intuit would prefer [redacted] is not sufficient justification for the Court to seal its filing.

1  **II.  The Notice Is Improper Because It Fails to** ▮▮▮▮▮
2  ▮▮▮▮▮.
3      Although captioned and repeatedly characterized as a "notice," Intuit's filing should be
4  seen for what it is: a legal argument masquerading as a mere notification. Notably lacking from
5  Intuit's Motion, notice, and accompanying declaration is ▮▮▮▮▮
6  ▮▮▮▮▮
7  ▮▮▮▮▮
8      Rather than ▮▮▮▮▮
9  ▮▮▮▮▮, Intuit
10 instead trots out ▮▮▮▮▮
11 ▮▮▮▮▮
12 ▮▮▮▮▮
13 ▮▮▮▮▮
14 ▮▮▮▮▮
15 ▮▮▮▮▮
16 ▮▮▮▮▮
17 ▮▮▮▮▮
18 ▮▮▮▮▮
19 ▮▮▮▮▮
20 ▮▮▮▮▮
21 ▮▮▮▮▮
22 ▮▮▮▮▮
23 ▮▮▮▮▮
24 ▮▮▮▮▮
25     **In sum,** ▮▮▮▮▮
26 ▮▮▮▮▮
27
28 _____
   [1] ▮▮▮▮▮

3

Pl.'s Opp. to Def.'s Admin. Mot. to Seal
No. 3:22-cv-1973-CRB

1 | **III.** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **Plaintiff's Request for a TRO and PI.**

2 | Setting aside the deficiencies outlined above, Intuit's filing, even when taken at face

3 | value, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As the FTC's evidence shows, ▓▓▓

8 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

9 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

11 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

12 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

13 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

15 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

16 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

17 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

18 | ▓▓▓▓▓▓▓

19 | Consideration of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

22 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

23 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

24 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

25 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Importantly,

26 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

27 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

28 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4

Pl.'s Opp. to Def.'s Admin. Mot. to Seal
No. 3:22-cv-1973-CRB

1  █
2 █
3 █
4 █ As explained in greater detail in Plaintiff's memoranda,[3] █
5 █
6 █
7 █
8 █
9 █
10 █
11 █
12 █
13    Finally, █
14 █
15 █
16 █
17 █
18 █
19 █
20 █
21 █

**IV.    Conclusion**

Intuit's request to temporarily seal its notice and declaration do not meet the standard for sealing, and the material Intuit seeks to shield from public scrutiny █ Accordingly, the FTC respectfully requests that the Court deny Intuit's Motion to Temporarily Seal.

---

[3] Dkt. No. 28 █; Dkt. No. 48 █

| | |
|---|---|
| | Respectfully submitted, |
| Dated: April 22, 2022 | /s/ Frances L. Kern |
| | Roberto Anguizola, IL Bar No. 6270874 |
| | Frances Kern, MN Bar No. 395233 |
| | Rebecca Plett, VA Bar No. 90988 |
| | James Evans, VA Bar No. 83866 |
| | Federal Trade Commission |
| | 600 Pennsylvania Ave., NW, CC-6316 |
| | Washington, DC 20580 |
| | (202) 326-3284 / ranguizola@ftc.gov |
| | (202) 326-2391 / fkern@ftc.gov |
| | (202) 326-3664 / rplett@ftc.gov |
| | (202) 326-2026 / james.evans@ftc.gov |
| | (202) 326-3395 (fax) |
| | |
| | Attorneys for Plaintiff |
| | Federal Trade Commission |