Roberto Anguizola (IL Bar No. 6270874)
Frances Kern (MN Bar No. 395233)
Rebecca Plett (VA Bar No. 90988)
James Evans (VA Bar No. 83866)
Federal Trade Commission
600 Pennsylvania Ave., NW, Mailstop CC-6316
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2391 / fkern@ftc.gov
(202) 326-3664 / rplett@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISO DIVISION

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> v. <br><br> **Intuit Inc.**, <br><br> Defendant. | No. 3:22-cv-1973-CRB <br><br> **RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO STRIKE EXHIBITS** |

### I. Exhibits Should Not Be Stricken

Defendant Intuit seeks to strike numerous exhibits filed by the Plaintiff FTC because, according to Intuit, they are "wholly irrelevant." However, the exhibits are plainly relevant and should remain on the docket.

#### A. The exhibits are relevant

In its Statement in Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed and Administrative Motion to Strike Exhibits ("Statement," Dkt. No. 56), Intuit argues that exhibits filed by the FTC encompassing investigational hearing testimony by Intuit employees and the exhibits referenced in such hearings are not relevant because they are not cited by the FTC in its Motion for TRO and PI. The FTC disagrees. The exhibits are clearly factually relevant. Though the FTC did not cite to each investigational hearing transcript in its Motion for TRO and PI, even the transcripts not

1    cited are relevant to the merits of the case. Moreover, the standard of relevance for documents to
2    withstand motions to strike is permissive. *Doyle v. Nutrilawn U.S., Inc.*, No. C09-0942JLR, 2010
3    U.S. Dist. LEXIS 48613, *6 (W.D. Wash. May 17, 2010) (denying a motion to strike exhibits
4    where such exhibits were "relevant, albeit minimally so and of no weight in the court's
5    analysis"). Further, the FTC has cited to all filed exhibits in filings directly related to whether it
6    is appropriate for the court to enter a temporary restraining order in this matter. *See* GX 312
7    (Evans Dec.) ¶ 18.

8           "Motions to strike are disfavored because the motions may be used as delaying tactics
9    and because of the strong policy favoring resolution on the merits." *Miller v. Uni-Pixel Inc.*, No.
10   17-CV-02187 NC, 2017 WL 3007082, at *7 (N.D. Cal. July 14, 2017) (quoting *Barnes v. AT & T*
11   *Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010)
12   (cleaned up). Additionally, such motions "are generally not granted unless it is clear that the
13   matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id.*
14   (quoting *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)). As
15   noted above, the exhibits at issue here are relevant to the merits of the FTC's claims.

16          The FTC also chose to file the entire investigational hearing record, including exhibits,
17   with the Court so that these exhibits will be on the record with their assigned exhibit numbers for
18   all purposes for the duration of the matter, in accordance with the spirit of Local Rule 30-2(b)(3)
19   on deposition exhibits. The FTC also wanted to avoid any appearance of selectively filing
20   documents related to investigational hearings to Intuit's disadvantage. This precaution is
21   vindicated by Intuit's claim that the FTC filed only a subset of records from its investigational
22   hearings. Statement at 5:10-11. The FTC is unaware of omitting any documents that are a part of
23   the investigational hearing record, but if it inadvertently excluded documents or exhibits, it
24   invites Intuit to file such documents on the record.

25          Finally, the FTC would like to clarify the number of exhibits Intuit is seeking to strike.
26   While Intuit represents that it seeks to strike 136 exhibits, Statement at 2:27, 34 of the exhibits it
27   references simply do not exist, though counsel claims that "[a] substantial portion of . . . time
28   was spent reviewing the 136 exhibits." Dkt. No. 56-1 (Gringer Dec.) ¶ 7. Specifically, Intuit

seeks to strike exhibit 104 and exhibits 117 through 149, Dkt No. 56-2 (Gringer Dec. Ex. A), exhibit numbers that the FTC intentionally omitted. As a result of this oversight, several of Intuit's assertions about the documents filed by the FTC are incorrect. For example, counsel did not present a "true and correct list of the 136 exhibits filed by the FTC that are not cited in the TRO Motion or its supporting declarations." Dkt. No. 56-2 (Gringer Dec.) ¶ 6. Though the FTC alerted counsel for Intuit of these errors on Tuesday, April 19, as of this filing and to the FTC's knowledge, Intuit has yet to retract or correct its incorrect statements.

## II. Whether Documents Should Remain Under Seal

On April 19, 2022, the parties met and conferred and attempted to reach agreement to resolve by stipulation the matters raised in Intuit's Statement. While the parties did not resolve these matters by stipulation, the FTC is not opposed to the documents remaining under seal, either partially or in their entirety, as Intuit has requested in its proposed order. Dkt No. 56-1.

Dated: April 22, 2022

Respectfully submitted,

/s/ Rebecca Plett

**Roberto Anguizola**, IL Bar No. 6270874
**Frances Kern**, MN Bar No. 395233
**Rebecca Plett**, VA Bar No. 90988
**James Evans**, VA Bar No. 83866
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-6316
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2391 / fkern@ftc.gov
(202) 326-3664 / rplett@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

**Attorneys for Plaintiff**
**Federal Trade Commission**