IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>            Plaintiff,<br>     v.<br>INTUIT INC.,<br>            Defendant. | Case No. 22-cv-01973-CRB<br><br>**ORDER DENYING MOTION FOR EMERGENCY RELIEF** |

Plaintiff Federal Trade Commission (FTC) moves for a Temporary Restraining Order and a Preliminary Injunction under Section 13(b) of the FTC Act, arguing that Defendant Intuit Inc. is deceptively advertising TurboTax Free Edition in violation of Section 5(a).  See Emergency Mot. (dkt. 28); Compl. (dkt. 1).  The FTC alleges that Intuit advertises that TurboTax Free Edition is "free free free free" and includes only a small and vague disclaimer that it is "for simple returns only" or to "see details at TurboTax.com."  Taxpayers whose returns do not meet Intuit's definition of "simple" eventually run into a message on the TurboTax website informing them that they must pay to file.

Under Section 13(b) of the FTC Act, a district court may grant a preliminary injunction "[u]pon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest." 15 U.S.C. § 53(b); see FTC v. Affordable Media, 179 F.3d 1228, 1233 (9th Cir. 1999).  A defendant engages in deceptive acts or practices under Section 5(a) of the FTC Act if it (1) made a representation, omission, or practice, (2) which was likely to mislead consumers acting reasonably under the circumstances, and (3) which was material.  FTC v. Stefanchik, 559 F.3d 924, 928 (9th Cir. 2009); 15 U.S.C. § 45(a).

The Court denies the FTC's motion for emergency relief for three reasons. First, Tax Day, which was April 18, 2022, has passed. Most taxpayers have already filed their taxes. Intuit represented in its briefing and at oral argument that its advertising is largely done for this tax season. See Opp. (dkt. 45) at vi. Any prospective harm is therefore attenuated. Second, even before Tax Day, Intuit had removed several of the most plausibly deceptive advertisements—that is, three videos that repeated the word "free" a dozen or more times over 30 seconds before a very brief disclaimer. See Shiller decl. (dkt. 7-13, GX 301) ¶¶ 16-31 (describing these ads); Ryan decl. (dkt. 45-3) ¶¶ 16-26 (noting their removal). Third, to the extent other advertisements might violate the FTC Act, the Court notes that the FTC has brought an administrative proceeding against Intuit, with a hearing set for September 14, 2022. See 15 U.S.C. § 45(b); AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n, 141 S. Ct. 1341, 1346 (2021) (detailing the administrative process). An Administrative Law Judge (ALJ) with expertise in these matters will hear (and likely rule) before Intuit resumes its advertising campaign in the lead-up to Tax Day 2023.

For the foregoing reasons, the Court DENIES the FTC's Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction.[1] However, if Intuit resumes its full advertising campaign before the ALJ releases her § 45(b) report, or the facts on the ground change significantly, the FTC may return to this Court to request relief.

**IT IS SO ORDERED.**

Dated: April 22, 2022

CHARLES R. BREYER
United States District Judge

---

[1] The administrative motion for emergency relief on the briefs (dkt. 50) is DENIED AS MOOT.