SONAL N. MEHTA (SBN 222086)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
 Sonal.Mehta@wilmerhale.com

SETH P. WAXMAN (*pro hac vice*)
HOWARD M. SHAPIRO (*pro hac vice*)
JONATHAN E. PAIKIN (*pro hac vice*)
DEREK A. WOODMAN (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
 Seth.Waxman@wilmerhale.com
 Howard.Shapiro@wilmerhale.com
 Jonathan.Paikin@wilmerhale.com
 Derek.Woodman@wilmerhale.com

DAVID Z. GRINGER (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
 David.Gringer@wilmerhale.com

*Attorneys for Defendant*
INTUIT INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>     v.<br><br>INTUIT INC.,<br><br>            Defendant. | Case No. 3:22-cv-01973-CRB<br><br>**DEFENDANT INTUIT INC.'S STATEMENT RESPONDING TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civ. L.R. 79-5(f)(3), Intuit respectfully submits this statement in response to the FTC's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 64), regarding material designated as confidential in Intuit's Administrative Motion to File Temporarily Under Seal (ECF No. 58).

### I. The Court Should Permit Temporary Sealing Of The Confidential Notice Of Recent Development, The Henry Declaration, And The FTC's Opposition

The FTC's Opposition to Intuit's Administrative Motion to File Temporarily Under Seal Confidential Notice of Recent Development and Declaration of Thomas Henry (ECF No. 63), contains nonpublic information that is sensitive and confidential. For the reasons stated in Intuit's original motion and the Henry Declaration, compelling reasons exist to keep that information under seal for a short period of time. *See* Henry Decl. ¶¶ 3-6. Based on our current expectation, however, Intuit anticipates that the materials can be made public by the end of next week.

Contrary to the FTC's argument, Intuit presented the required "articulable facts" identifying the interests that favor *temporarily* sealing these sensitive materials and demonstrated how these specific interests outweigh the public's interest in the immediate transparency of these proceedings. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (acknowledging that the public right of access is not absolute). Maintaining the Notice, the Henry Declaration, and the FTC's opposition under seal for such a limited period of time would cause minimal to no harm to the public's interest. In contrast, as previously explained, the premature public disclosure of these materials would cause significant, tangible harm and negatively impact the very subject matter of the Notice. *See* Henry Decl. ¶¶ 3-6. These are concrete and substantive concerns that fulfill the "compelling reasons" standard applicable here.

### II. In The Alternative, The Court Should Permit Withdrawal Of The Notice, The Henry Declaration, And The FTC's Opposition

In the alternative, should the Court conclude that the Notice, Henry Declaration, and the FTC's opposition should not be temporarily sealed, the Court should permit the withdrawal of the

1

CASE NO.: 3:22-cv-01973-CRB   INTUIT'S STATEMENT RESPONDING to FTC'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

filings without considering the information.  *See* Civ. L.R. 79-5(g)(2) ("When the Court denies a motion to seal, it will determine whether to consider the information sought for sealing and require its public filing, permit its withdrawal without considering the information, or order any other disposition it deems proper.").  Notwithstanding its confidential nature, Intuit thought it important to bring the subject matter of the Notice to the Court's attention as soon as possible because of the information's potential relevance to the hearing on the FTC's Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction (ECF No. 28).  *See* Henry Decl. ¶ 3.  The Court has since ruled on the FTC's motion without referencing the Notice or its contents, and the FTC itself argued that the filings sought to be sealed have "no bearing" on the Court's decision, *see* ECF No. 64-1 at 2.  Given the Court's order denying the FTC's motion, Intuit respectfully submits that if the Court were inclined to deny Intuit's motion to temporarily seal these documents, the recourse should be to withdraw them from the docket.  *See Certified Nutraceuticals, Inc. v. Clorox Co.*, 2020 WL 4339489, at *6-7 (S.D. Cal. July 28, 2020) (denying motion to seal as moot and returning documents to counsel that were neither relevant nor necessary to court's resolution of dispute).

### III.  Conclusion

For the foregoing reasons, Intuit respectfully requests that the information in the FTC's opposition drawn from Intuit's Confidential Notice of Recent Development or the Henry Declaration remain temporarily under seal.  Again, based on our current expectation, Intuit anticipates that the temporary seal will not need to be in place past the end of next week, and Intuit will promptly notify the Court when the basis for sealing expires.

Dated:  April 27, 2022                                          Respectfully submitted,

By:*/s/ David Z. Gringer*
David Z. Gringer (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007

2

Telephone: (212) 230-8800
Facsimile: (212) 230-8888
  David.Gringer@wilmerhale.com

Sonal N. Mehta (SBN: 222086)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
  Sonal.Mehta@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Howard M. Shapiro (*pro hac vice*)
Jonathan E. Paikin (*pro hac vice*)
Derek A. Woodman (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
  Seth.Waxman@wilmerhale.com
  Howard.Shapiro@wilmerhale.com
  Jonathan.Paikin@wilmerhale.com
  Derek.Woodman@wilmerhale.com

*Attorneys for Defendant Intuit Inc.*

3

CASE NO.: 3:22-cv-01973-CRB     INTUIT'S STATEMENT RESPONDING TO FTC'S MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED