Roberto Anguizola (IL Bar No. 6270874)
Rebecca Plett (VA Bar No. 90988)
James Evans (VA Bar No. 83866)
Federal Trade Commission
600 Pennsylvania Ave., NW, Mailstop CC-6316
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-3664 / rplett@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> v. <br><br> **Intuit Inc.**, <br><br> Defendant. | No. 22-cv-01973-CRB <br><br> **Joint Status Report** |

Pursuant to the Clerk's Notice entered on March 11, 2025, the parties submit the following joint status report on the status of their proceedings before the ALJ.

1. On March 28, 2022, the Federal Trade Commission, on a 3-1 vote, issued an administrative complaint against Intuit alleging one count of violating Section 5 of the FTC Act; the FTC also filed the complaint in this action and sought a temporary restraining order and preliminary injunction. *See* ECF Nos. 1, 6.

2. The Court denied the FTC's motion for a temporary restraining order and a preliminary injunction on April 22, 2022. *See* ECF No. 66.

3. The FTC ALJ issued an initial decision on August 29, 2023.

4. On January 19, 2024, the Commission published a final decision affirming the initial decision and issued a final cease and desist order.

5. Intuit petitioned for review before the United States Court of Appeals for the Fifth Circuit. *See Intuit Inc. v. FTC*, No. 24-60040 (5th Cir. Jan. 22, 2024). Intuit's petition has been

fully briefed and oral argument took place on November 4, 2024. The parties are awaiting the Fifth Circuit's decision.

6. **Intuit's Position On Dismissal**: This case should be dismissed because it is moot and because the FTC has failed to prosecute this case for nearly three years. The FTC responds by asserting that it had the statutory authority to bring a case. Whether or not that is accurate is beside the point. Dismissal is appropriate *now* regardless of whether the FTC at one point had the authority to bring the case.

**Mootness:** The FTC's complaint in this case was predicated on the alleged need for immediate relief "during the pendency of an administrative trial" and only requested that the Court "[r]etain jurisdiction … until any administrative proceeding initiated by the Commission is concluded," ECF No. 1 at 1, 31. The administrative proceeding has concluded so there is no remaining live controversy. The FTC's assertion that this case remains live because Intuit's appeal is pending before the Fifth Circuit disregards the FTC's own complaint, which only sought relief until the administrative proceeding concluded, and the fact that the FTC's cease-and-desist order became final and went into effect in March 2024. *See* 15 U.S.C. §45(g)(2).

**Failure To Prosecute:** The FTC has not done anything since the Court denied the FTC's motion for a preliminary injunction almost three years ago. *See* ECF No. 66. The FTC's abandonment of the case independently justifies dismissal with prejudice. *See, e.g.*, *Gonzales v. UNUM Life Ins. Co. of Am.*, 2008 WL 2610552, at *1 (N.D. Cal. June 26, 2008).

7. **The FTC's Position on This Action:** This action was initiated under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), which provides that the Commission may bring suit to enjoin violations of laws enforced by the Commission "pending the issuance of a[n administrative] complaint by the Commission and until such [administrative] complaint is dismissed by the Commission or *set aside by the court on review*, or until the order of the Commission made thereon has become final" (emphasis added). As noted above, the Commission's administrative action is now before the Fifth Circuit on review. Therefore, the case remains live under Section 13(b). FTC complaint counsel prosecuted the case against Intuit before the FTC's ALJ and before the Commissioners on Intuit's appeal. The FTC continues to

prosecute the matter on Intuit's appeal to the Fifth Circuit. This civil action has, pursuant to Section 13(b), remained in abatement pending a final determination by the court on review. When all appeals are exhausted or when the case is otherwise fully resolved, the FTC will be able to stipulate to appropriate closure of this matter. In any event, dismissal with prejudice is inappropriate because this Court has not made any determinations on the merits of the FTC's claims. *See* ECF No. 66.

Respectfully submitted,

Dated: March 26, 2025

/s/ James Evans

**Roberto Anguizola**, IL Bar No. 6270874
**Rebecca Plett**, VA Bar No. 90988
**James Evans**, VA Bar No. 83866
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-6316
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-3664 / rplett@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

**Attorneys for Plaintiff**
**Federal Trade Commission**

Dated: March 26, 2025

/s/ David Z. Gringer

**David Z. Gringer**
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
David.Gringer@wilmerhale.com

**Seth P. Waxman**
**Jonathan E. Paikin**
**Howard M. Shapiro**
**Derek A. Woodman**
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037

|   |   |
|---|---|
| 1 | Telephone: (212) 663-6000 |
| 2 | Facsimile: (212) 230-6363 |
|   | Seth.Waxman@wilmerhale.com, |
| 3 | Jonathan.Paikin@wilmerhale.com |
|   | Derek.Woodman@wilmerhale.com |

**Sonal N. Mehta**
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Sonal.Mehta@wilmerhale.com

**Attorneys for Defendant Intuit Inc.**

Pursuant to Local Rule 5-1(i), I attest that counsel for Defendant Intuit Inc. concurred in the filing of this document.

    /s/ James Evans
James Evans