SONAL N. MEHTA (SBN 222086)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Sonal.Mehta@wilmerhale.com

DAVID Z. GRINGER (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8800
David.Gringer@wilmerhale.com

SETH P. WAXMAN (*pro hac vice*)
HOWARD M. SHAPIRO (*pro hac vice*)
JONATHAN E. PAIKIN (*pro hac vice*)
DEREK A. WOODMAN (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Seth.Waxman@wilmerhale.com
Howard.Shapiro@wilmerhale.com
Jonathan.Paikin@wilmerhale.com
Derek.Woodman@wilmerhale.com

*Attorneys for Defendant*
INTUIT INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

INTUIT INC.,

Defendant.

Case No. 3:22-cv-01973-CRB

**DEFENDANT INTUIT INC.'S NOTICE OF MOTION AND UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE**

Hearing Date: October 9, 2026
Hearing Time: 10:00 a.m.

Judge: Hon. Charles R. Breyer

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 9, 2026 at 10:00 a.m., or as soon thereafter available, in the courtroom of the Honorable Charles R. Breyer, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California, Defendant Intuit Inc. will and hereby does move to dismiss without prejudice all claims brought by Plaintiff Federal Trade Commission as moot pursuant to Federal Rule of Civil Procedure 12(b)(1).

Intuit moves to dismiss the claims in this case as moot without prejudice. The Federal Trade Commission filed this action in 2022 for the sole purpose of obtaining preliminary injunctive relief during the pendency of its administrative proceeding against Intuit. That proceeding was completed in 2024, and the Fifth Circuit ruled in March 2026 that the FTC's administrative adjudication was unconstitutional. The mandate issued on May 11, 2026, and no petition for certiorari was filed. Because relief can no longer be provided, the case is moot and should be dismissed without prejudice.

The FTC does not oppose the relief sought in this motion.

## BACKGROUND

### A. Administrative And Federal Court Proceedings

In 2022, the FTC issued an administrative complaint alleging that Intuit's ads for its TurboTax online tax-preparation products violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). The Commission simultaneously filed the complaint in this action and sought a temporary restraining order and preliminary injunction. *See* ECF No. 6.

On April 22, 2022, this Court denied the FTC's motion for a temporary restraining order and preliminary injunction. *See* ECF No. 66.

Following the denial of its TRO and preliminary injunction motion, the FTC continued pursuing its claims against Intuit in the agency's in-house administrative forum. After a two-week trial, an FTC ALJ issued a decision in August 2023 in favor of the FTC. Intuit appealed that decision to the commissioners.

On January 19, 2024, the Commission largely affirmed the ALJ's initial decision and issued a cease-and-desist order against Intuit.

On January 22, 2024, Intuit petitioned for review before the United States Court of Appeals for the Fifth Circuit, arguing that binding precedent established that the FTC's proceeding is unconstitutional, that the FTC's deception finding is infirm, and that the cease-and-desist order should not stand. *See Intuit v. FTC*, No. 24-60040 (5th Cir. Jan. 22, 2024). Following briefing, oral argument was held on November 4, 2024.

On March 20, 2026, the Fifth Circuit vacated the FTC's cease-and-desist order. It held that adjudication of a deceptive-advertising claim before an FTC ALJ violates the constitutional separation of powers. *See Intuit, Inc. v. FTC*, 170 F.4th 411, 413 (5th Cir. 2026). The FTC did not petition for rehearing or certiorari, and the deadline for seeking Supreme Court review passed on June 18, 2026.

**ARGUMENT**

"The doctrine of mootness requires a court to dismiss a case 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Altman v. County of Santa Clara*, 464 F.Supp.3d 1106, 1115 (N.D. Cal. 2020) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). In particular, a case becomes moot "'when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Native Village of Nuiqsut v. BLM*, 9 F.4th 1201, 1208 (9th Cir. 2021) (quoting *Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298, 307 (2012)). That includes where "[t]he underlying dispute has been resolved in other litigation." *NASD Dispute Resolution, Inc. v. Judicial Council of California*¸ 488 F.3d 1065, 1067-1068 (9th Cir. 2007). Here, two facts demonstrate that the FTC can no longer obtain effective relief and hence that the case is no longer live.

*First*, the FTC's complaint sought only preliminary injunctive relief, and the agency predicated the alleged need for that immediate relief on the then-pending administrative proceeding. The complaint alleged a need for prompt relief "to prevent interim harm … during the pendency of an administrative trial" and requested only that the Court "[r]etain jurisdiction … until any administrative proceeding initiated by the Commission is concluded." ECF No. 1 at 1, 31. The complaint further recognized that the FTC was "authorized to initiate federal district court proceedings to seek preliminary injunctive relief pending the Commission's adjudication of the challenged conduct in an administrative proceeding." ECF No. 1 at 4 (citing 15 U.S.C. § 53(b)). And the FTC's emergency motion for a temporary restraining order and preliminary injunction similarly argued that the Court could provide relief so that "the Commission can adjudicate the

lawfulness of the conduct in an administrative proceeding." ECF No. 29-01 at 19 (citing 15 U.S.C. § 53(b)). In short, the FTC filed this case seeking only preliminary injunctive relief while its administrative proceeding remained pending.

*Second*, the FTC's administrative proceeding ran its course and is concluded. The commissioners issued a decision in January 2024 affirming the ALJ's decision and issuing a cease-and-desist order. That decision ended the administrative proceeding against Intuit. Subsequently, the Fifth Circuit vacated the FTC's order and held that the administrative proceeding against Intuit was unconstitutional. *See Intuit*, 170 F.4th at 413. The FTC did not petition for further review in the Fifth Circuit or the Supreme Court.

This Court already noted during the 2022 TRO hearing that the FTC's "request for emergency relief [was]…basically mooted." Apr. 21, 2022 Hr'g Tr. 7:18-19, ECF No. 68. That was four years ago. The completion of the FTC's administrative proceeding and the Fifth Circuit's subsequent decision holding that the administrative proceeding against Intuit was unconstitutional confirm that this case is moot.

**CONCLUSION**

The Court should grant Intuit's unopposed motion and dismiss the FTC's claims as moot without prejudice.

August 31, 2026

Respectfully submitted,

By: */s/ David Z. Gringer*
David Z. Gringer (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
David.Gringer@wilmerhale.com

Sonal N. Mehta (SBN: 222086)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Sonal.Mehta@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Howard M. Shapiro (*pro hac vice*)
Jonathan E. Paikin (*pro hac vice*)
Derek A. Woodman (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Seth.Waxman@wilmerhale.com
Howard.Shapiro@wilmerhale.com
Jonathan.Paikin@wilmerhale.com
Derek.Woodman@wilmerhale.com